EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON # 4532
Chief, Major Crimes Section

MARSHALL H. SILVERBERG # 5111
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: 541-2850

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 9 2006

at ____ o'clock and ____ min ____ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00029 HG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | |
| vs. | ) | Date: Feb. 9, 2006 |
| | ) | Time: 2:00 p.m. |
| PRINCE TARPLEY, | ) | Judge: Hon. Kevin S. C. Chang |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the defendant, PRINCE TARPLEY, and his attorney, Alvin Nishimura, Esq., have agreed upon the following:

1. The defendant acknowledges that he has been charged in the four-count First Superseding Indictment with: (a) being a convicted felon in possession of ammunition, in violation of Title 18, United States Code, Section 922(g)(1) (count 1); (b) being a user of a controlled substance in possession of

ammunition, in violation of Title 18, United States Code, Section 922(g)(3) (count 2); (c) being a convicted felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1) (count 3); and (d) distributing fifty grams or more of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1) (count 4). The defendant further admits that because he has previously been convicted of at least three "crimes of violence," if he is found guilty of counts one, two, or three of the First Superseding Indictment, he is subject to a mandatory minimum 15-year sentence under the Armed Career Criminal Act, Title 18, United States Code, Section 924(e). The defendant further admits that because he has been convicted of two crimes of violence in the past 15 years, if he is found guilty of the drug trafficking crime charged in count four of the First Superseding Indictment, he would be considered a "career offender" under the United States Sentencing Guidelines. Further, if he is found guilty of count four, he also would be subject to a mandatory minimum sentence of ten years imprisonment pursuant to Title 21, United States Code, Section 841(b)(1)(A)(viii).

    2.    The defendant has read the charges against him contained in the First Superseding Indictment, and those charges have been fully explained to him by his attorney.

3.  The defendant fully understands the nature and elements of the crimes with which he has been charged.

4.  The defendant will enter a plea of guilty to count one of the First Superseding Indictment, which charges him as follows:

## COUNT 1
(18 U.S.C. §§ 922(g)(1), 924(e))

The Grand Jury charges that:

On or about November 5, 2004, in the District of Hawaii, the defendant PRINCE TARPLEY, also known as Scott Tarpley and Larry Bennett, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce ammunition, to wit, four rounds of Winchester .380 caliber ammunition, one round of Federal .380 caliber ammunition, and two rounds of Aguila .380 caliber ammunition, with all such ammunition having been manufactured outside Hawaii and transported at some earlier point in interstate commerce to Hawaii.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

In exchange for the defendant's plea of guilty, the United States agrees to move to dismiss counts two, three, and four of the First Superseding Indictment at time of sentencing. Notably, because the defendant likely would have been considered a career offender if he had been found guilty of count four, a conviction of that count likely would have subjected the defendant to a sentence of more than 20 years. In contrast, while the defendant's guilty plea to count one subjects him to a mandatory minimum sentence of 15 years pursuant to the Armed Career

Criminal Act, codified at Title 18, United States Code, Section 924(e), the government has agreed to ask for no greater than the 15 years at time of sentencing. Because of the defendant's extensive criminal history, it is possible, perhaps even likely, that the court would impose a sentence in excess of 15 years for a conviction of counts one, two, or three if the government had so requested. In other words, it is the intention of the parties that they will jointly recommend to the court that it impose a sentence of 15 years of imprisonment and that such a sentence is reasonable given the mandatory minimum provision of Title 18, United States Code, Section 924(e) and that it is reasonable given the sentencing factors set forth in Title 18, United States Code, Section 3553(a).

5. The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. The defendant enters this plea because he is in fact guilty of knowingly possessing seven rounds of .380 caliber ammunition that were manufactured outside of Hawaii and transported or shipped in and affecting commerce to Hawaii and that he was a convicted felon at the time he possessed the ammunition on November 5, 2004.

7. The defendant understands that the penalties for the offense to which he is pleading guilty include: (a) a

mandatory minimum sentence of 15 years and up to life imprisonment; (b) a fine of up to $250,000; (c) a term of supervised release of not less than three years and not more than five years; and (d) a $100 special assessment. The defendant agrees to pay $100 to the District Court's Clerk's Office, to be credited to said special assessment, before the commencement of any portion of sentencing. The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

(a) On November 5, 2004, Detective Michael Hodson of the Hawaii County Police Department obtained three search warrants, including one that authorized a search of the bedroom rented by Tarpley at a private residence. The warrant was executed later that same morning. In Tarpley's bedroom, the police found seven (7) rounds of .380 caliber ammunition in a black nylon pouch located in a wooden chest. The seven rounds can be more specifically described as four rounds of Winchester .380 caliber ammunition; one round of Federal .380 caliber ammunition; and two rounds of Aguila .380 caliber ammunition.

(b) Because Detective Hodson was aware that Tarpley was a convicted felon who could not lawfully possess ammunition, Tarpley was arrested and taken to the police station. There, Tarpley was given his Miranda warnings. Tarpley waived the warnings and agreed to give a statement without an attorney present. During the ensuing interview, which was video recorded, Tarpley admitted that he possessed all seven rounds of ammunition. He further admitted that he previously possessed a .380 caliber firearm for which he possessed the seven rounds of ammunition. He further stated that while he had discarded the firearm, he retained possession of the seven rounds of .380 caliber ammunition.

(c) All seven rounds of ammunition were manufactured outside the State of Hawaii and were transported in and affecting commerce to Hawaii. More particularly, the four rounds of Winchester .380 caliber ammunition were manufactured in East Alton, Illinois; the one round of Federal .380 ammunition was manufactured in Anoka, Minnesota; and the two rounds of Aguila .380 caliber ammunition were manufactured in Cuernavaca, Mexico.

(d) At the time the defendant possessed the ammunition, he previously had been convicted of more than three "violent felonies," which can be grouped in the following four categories:

(1) <u>1974 California Information: Case # C-32023</u>

   (a) Robbery of John Clifford on January 30, 1974, in violation of Section 211 of the California Penal Code;

   (b) Robbery of John Clifford on February 3, 1974, in violation of Section 211 of the California Penal Code; and

   (c) Robbery of Jerry Wong on February 19, 1974, in violation of Section 211 of the California Penal Code.

(2) <u>1974 California Indictment: Case # C-32332</u>

   (a) Escape from lawful custody with force and violence, in violation of Section 4532b of the California Penal Code;

   (b) Robbery of Tim Dick on May 30, 1974, in violation of Section 211 of the California Penal Code;

   (c) Assault with a deadly weapon on May 30, 1974, by assaulting police officer Glen Clary with a firearm, in violation of Section 245b of the California Penal Code;

   (d) Robbery of Glen Cary on May 30, 1974, in violation of Section 211 of the California Penal Code;

   (e) Assault with a deadly weapon on May 30, 1974 on May 30, 1974, by assaulting Christina Ramos with a firearm, in violation of Section 211 of the California Penal Code;

   (f) Assault with a deadly weapon on May 30, 1974 on May 30, 1974, by assaulting Jim Paul with a firearm, in violation of Section 211 of the California Penal Code;

   (g) Attempted robbery of Jim Paul on May 30, 1974, in violation of Section 211 of the California Penal Code;

    (h) Assault with intent to commit murder of Jim Paul on May 30, 1974, in violation of Section 217 of the California Penal Code;

  (3) <u>1992 Hawaii Indictment: CR. No. 92-0234</u>

    Robbery in the Second Degree on August 3, 1992, in violation of Section 708-841(1)(a) of the Hawaii Revised Statutes.

  (4) <u>1993 Hawaii Indictment: CR. No. 93-0354</u>

    Sexual Assault in the First Degree on February 18, 1994, in violation of Section 707-730(1)(b) of the Hawaii Revised Statutes.

9. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this agreement will not undermine the statutory purposes of sentencing.

10. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

  (a) Factual stipulations: The parties agree that the facts set forth above in paragraph eight are incorporated herein by reference.

(b) Offense level stipulations:

(i) Based upon information presently known to the government, the prosecution agrees not to object to a finding by the probation officer in the presentence report or to a finding by the court that the defendant has clearly demonstrated acceptance of responsibility for the offense, entitling him to a two-level reduction for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a). The government further agrees that because the defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, the defendant should be entitled to receive a third-level reduction for "super acceptance" of responsibility pursuant to U.S.S.G. § 3E1.1(b).

(ii) The defendant understands that notwithstanding its present intentions, and still within the agreement, the prosecution reserves the rights (1) to argue that the defendant has not accepted responsibility in the event of receipt of new information relating to that issue, and (2) to call and examine witnesses on that issue in the event that either the probation office finds to the contrary of the prosecution's intentions or the court requests that evidence be presented on that issue; and

         (iv) The parties agree to jointly recommend to the court that it impose a 15-year sentence of imprisonment which is the mandatory minimum under the Armed Career Criminal Act, 18 U.S.C. § 924(e).

    11. The parties agree that notwithstanding the parties' agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

    12. Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties identify the following facts that are in dispute for the purpose of sentencing of Defendant in connection with this matter: none.

    13. The defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). The defendant knowingly waives the right to appeal except if he receives a sentence in excess of 15 years imprisonment. If that occurs, the defendant retains the right to appeal that portion of the sentence in excess of 15 years imprisonment. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge based on a claim of

ineffective assistance of counsel with respect to his decision to enter into this plea agreement.

The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

14.  The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines.  The defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

15.  The defendant understands that this agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary.  The defendant understands that the Court will not accept an agreement unless the Court determines that the charge adequately reflects the seriousness of the actual offense behavior and accepting the agreement will not undermine the purposes of sentencing.

16.  The defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If the defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial.  The trial could be either a jury trial

or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(c) If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

(d) At a trial, the prosecution would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those prosecution witnesses and his attorney would be able to

cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

(e) At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

17. The defendant understands that by pleading guilty, he is voluntarily, knowingly, and intelligently waiving all of the rights set forth in the preceding paragraph. In addition, by pleading guilty and withdrawing his pretrial motions, the defendant is voluntarily, knowingly, and intelligently waiving any issue or argument raised in those pretrial motions. The defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

18. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce the defendant to plead guilty.

19. Should the Court refuse to accept this agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to

accept this agreement since the Court is expressly not bound by stipulations between the parties.

20. The defendant further agrees to be bound by this Memorandum of Plea Agreement and **not** to seek a withdrawal of the guilty plea that he intends to enter or to withdraw from this Memorandum of Plea Agreement.

21. If, after signing this Memorandum of Plea Agreement, the defendant nonetheless decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes a motion before the Court to withdraw from the Plea Agreement and the Court grants that motion, the defendant agrees that any statements that he makes to law enforcement agents or to the United States Attorney's Office for the District of Hawaii may be used against him in any trial brought against the defendant. The defendant further agrees that any admission of guilt that he makes by signing this Plea Agreement or that he makes while pleading guilty as set forth in this agreement may be used against him in a subsequent trial if the defendant later proceeds to trial. The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Plea Agreement or during the course of pleading guilty when the guilty plea is later withdrawn.

22. The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues for sentencing.

DATED: Honolulu, Hawaii, _Feb. 9, 2006_.

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

/s/ Ronald G. Johnson
RONALD G. JOHNSON
Major Crimes Section Chief

/s/ Marshall H. Silverberg
MARSHALL H. SILVERBERG
Assistant U.S. Attorney

/s/ Prince Tarpley
PRINCE TARPLEY
Defendant

/s/ Alvin Nishimura
ALVIN NISHIMURA, Esq.
Attorney for Defendant
PRINCE TARPLEY

15