IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00029 HG |
| Plaintiff, | ) ) | DECLARATION OF COUNSEL |
| VS. | ) ) | |
| PRINCE TARPLEY | ) ) | |
| Defendant. | ) ) | |

DECLARATION OF COUNSEL

I, ALVIN KAOHU NISHIMURA, hereby declare as follows:

1. I am a CJA panel attorney appointed to represent Defendant Prince Tarpley.

2. I was appointed to represent Defendant Tarpley after the Federal Public Defenders Office withdrew as counsel, as a result of a breakdown in communication between Defendant and his Defender Pam Byrne.

3. Defedant had been complaining to the FDC medical staff since December of 2005, that he was bleeding cwhen he had bowel movement. Defendant Tarpley continued to inform the facility of this condition, but nothing was done by the facility to investigate the defendant's medical complaints.

4. On May 9, 2006 I met with Defendant Tarpley at the Federal Detention

Center, Honolulu. Defendant informed counsel that the previous week, on or about May 4th he was taken to Straub Hospital where a colonoscopy was performed. Defendant was informed by the physician, that during the colonoscopy, it was discovered that Defendant has cancer. Defendant was informed that the physician discovered, among other things, three large masses of cancerous matter.

5. Defendant was further informed by the medical team that surgery would need to be performed in the next week to two weeks. The FDC would not give him an exact date due to security procedures.

6. Defendant was further informed that following surgery, a lengthy regimen of chemotherapy would follow.

7. I, as counsel for Defendant, contacted the medical providers on May 11, 2006. I spoke personally with Dr. Yousif A-Rahim of Straub Hospital. Dr. A-Rahim informed me that he is a Gastro-enterologist at Straub, and that he was the physician that performed the colonoscopy on Defendant Tarpley. Dr. A-Rahim further informed me that he did find numerous internal cancerous growths within Defendant Tarpley and that he immediately referred Defendant Tarpley to a surgeon at Straub, Dr. Katie Huong. Dr. A-Rahim also infomed me that Defendant Tarpley is being refered to an Oncologist in Straub for treatment of the cancer following surgery. Dr. A-Rahim stated that at this time, surgery is to be done within approximately two weeks, followed by chemotherapy of an unknown time period at this time.

8. I further contacted Dr. Katie Huong's office, and although, Dr. Houng was

not available to speak with me, as she was in procedure, Dr. Huong's staff did confirm that Dr. Huong did have a consultation with Defendant Tarpley on May 10, 2006. They further confirmed that the consultation was for anticipated surgery in the next few weeks, for removal of discovered cancer in the colon and other areas.

9. Both, Dr.'s A-Rahim and Dr. Huong's office indicated that they would forward a letter as soon as they could. Counsel will supplement this motion with the letters upon receipt of the same.

10. Defendant has indicated to counsel that he desires a continuance of his sentencing, until after his treatment is concluded, so that there is no disruption of his treatment by the sentencing and possible transfer to another facility.

11. I have informed AUSA Marshall Silverberg of the above-stated information, and he has indicated that he has no objection to a continuance of the sentencing in light of the above.

12. This motion is not made for reason of delay, but to insure that Defendant Tarpley obtains immediate and essential medical treatment without the possibility of disruption..

13. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED: Honolulu, Hawaii May 12, 2006

_____
ALVIN KAOHU NISHIMURA